1    SEAN P. NALTY, ESQ. (State Bar No. 121253)
2    WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3    525 Market Street, 17th Floor
       San Francisco, California 94105-2725
       Telephone:    (415) 433-0990
4    Facsimile:     (415) 434-1370

5    Attorneys for Defendant
       LIFE INSURANCE COMPANY       **E-filing**
6    OF NORTH AMERICA

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11    ALFREDO MOCTEZUMA,             CV 08      1451 CW

12         Plaintiff,              NOTICE OF REMOVAL OF CIVIL
                                     ACTION TO FEDERAL COURT
13       v.                        UNDER 28 U.S.C. §§ 1332, 1441 AND
                                       1446 (Diversity)
14    CATHOLIC HEALTHCARE WEST, LIFE
       INSURANCE COMPANY OF NORTH
15    AMERICA, and DOES 1-10, inclusive.

16         Defendants.

17

18    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19        PLEASE TAKE NOTICE that defendant Life Insurance Company of North America

20    ("LINA") hereby removes this action to the United States District Court for the Northern District

21    of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds that there is

22    complete diversity of citizenship between plaintiff Alfredo Moctezuma ("plaintiff"), a citizen of

23    the State of California and LINA, a citizen of Pennsylvania as LINA is incorporated in the State

24    of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania; the amount in

25    controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest or costs, as

26    set forth in section 1332(a); and that the foregoing facts were true at the time that the complaint

27    in this matter was filed and remain true as of the date of the filing of this notice of removal, as

28    more fully set forth below. In addition, as more fully set forth below, defendant Catholic

327955.1



1  Healthcare West ("CHW") should be disregarded for the purposes of this removal because CHW

2  is a sham defendant.

3      1.    On February 20, 2008, plaintiff filed in the Superior Court of the State of

4  California, in and for the County of San Francisco, a complaint for fraud, bad faith, intentional

5  infliction of emotional distress, and breach of contract entitled *Alfredo Moctezuma, plaintiff, v.*

6  *Catholic Healthcare West, Life Insurance of North America and Does 1 through 10, inclusive,*

7  *defendants,* case number CGC-08-472358 ("The Complaint").

8      2.    The Complaint was received by LINA on February 26, 2008. A true, correct and

9  complete copy of the Complaint, received by LINA, is attached hereto as Exhibit A. The

10  allegations stated in the Complaint are incorporated by reference into this notice. A copy of the

11  summons served on LINA is attached hereto as Exhibit B. Attached hereto, as Exhibit C, are the

12  remaining papers served on LINA with the Complaint.

13      3.    LINA has not been served with, or received, any other pleadings pertaining to this

14  action except for those documents attached hereto as Exhibit A through C. LINA is informed

15  and believes, and thereon alleges, that other than the pleadings described in this notice of

16  removal and attached to this notice of removal, there have been no further pleadings, process, or

17  orders filed in this action.

18      4.    LINA has filed this notice of removal within 30 days after receipt by any

19  defendant of a copy of any pleading, motion, order or other paper from which it was first

20  ascertained that the case is one which is removable.

21      5.    The citizenship of the fictitiously named defendants identified as Does 1-10

22  should be disregarded for purposes of this removal. *Fristos v. Reynolds Metal Co.*, 615 F.2d

23  1209, 1213 (9th Cir. 1980).

24  **A.    CHW is a Sham Defendant**

25      6.    The citizenship of CHW should be disregarded for the purposes of this removal

26  because CHW is a sham defendant named only in an effort to destroy diversity. *Farias v. Bexar*

27  *City Bd. of Trustees*, 925 F.2d 886, 871 (5th Cir. 1991). The following facts establish that CHW

28  is a sham defendant in this action:

1    (1)    Although CHW is designated on the caption, plaintiff fails to allege a

2  claim for relief against CHW.  Plaintiff alleges that CHW is domiciled in San Francisco.  The

3  Complaint, ¶ 2.  He further alleges that Life Insurance Company of North America, designated

4  throughout the Complaint as CIGNA, issued a group disability insurance policy ("the Policy") to

5  CHW and that plaintiff was insured under the Policy.  *Id.* at ¶¶ 4, 5 & 6.  He further alleges that

6  he worked as an employee of CHW at Sequoia Hospital in Redwood City.  *Id.* at ¶ 5.  Plaintiff

7  makes no other factual allegations that pertain to CHW.  Plaintiff alleges no claims for relief

8  against CHW.

9    (2)    There is no basis for a claim for relief against CHW. The Complaint is

10  based on the alleged wrongful denial of plaintiff's claim for disability benefits under a group

11  disability policy issued by CIGNA.  *Id.* at ¶¶ 4-9.  Plaintiff alleges that he was disabled and

12  unable to perform his job at CHW.  *Id.* at ¶ 5.  He alleges that he was insured under a long term

13  disability policy issued by CIGNA to CHW.  *Id.* at ¶ 6.  He alleges that benefits were paid under

14  the Policy and then wrongfully terminated by CIGNA.  *Id.* at ¶¶ 7-9 & 12.  Plaintiff alleges that

15  CIGNA "undertook to insure Ms. (sic) Moctezuma against disability" and that "defendant

16  CIGNA acted in bad faith in connection with the termination of benefits to Mr. Moctezuma . . ."

17  *Id.* at ¶ 12.  Plaintiff then alleges in the Complaint the specific actions that CIGNA allegedly did

18  that plaintiff claims constitute bad faith.  *Id.* at ¶ 12 A-F.  Finally, plaintiff alleges in his third

19  claim for relief for breach of contract that "CIGNA breached the policy by failing to pay benefits

20  due thereunder, and failing to process claims properly under the policy."  *Id.* at ¶ 12.

21    By plaintiff's own admission in the Complaint, CIGNA issued the Policy, is allegedly

22  obligated to pay benefits under the Policy, and allegedly breached this contract and acted in bad

23  faith by denying plaintiff's claim for benefits. Not only is CIGNA the only party who is sued for

24  breach of contract and bad faith in this matter, as a matter of law, CIGNA is the only entity who

25  can be sued for breach of contract and bad faith for the failure to pay benefits under the Policy.

26  It is CIGNA who issued the Policy and who is obligated to pay benefits pursuant to the terms of

27  the Policy.  *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 36 (1995); *R&B Auto Center v.*

28  *Farmers Group*, 140 Cal.App.4th 327, 352-353 (2006).  There is no legal basis whatsoever for

327955.1

1  plaintiff to allege his first and third claims for relief, for bad faith and breach of contract, against

2  CHW.

3  (3)  Plaintiff does state allegations, in his claim for relief for intentional

4  infliction of emotional distress, against "defendants." However, there is no alleged intentional

5  conduct by CHW toward plaintiff. The claim for relief for intentional infliction is based on the

6  alleged "arbitrarily rejecting the opinions of all the treating health care providers" and the

7  termination of plaintiff's disability benefits by CIGNA. The Complaint, ¶¶ 12 & 17. There is no

8  alleged intentional conduct by CHW and therefore no basis for a claim for relief for intentional

9  infliction. *Ankeny v. Lockheed Missiles & Space Co.* (1979) 88 Cal. App. 3d 531.

10  In addition, plaintiff cannot bring a claim for relief for intentional infliction against

11  CHW. Plaintiff admits that he is an employee of CHW. The Complaint, ¶ 5. Accordingly, he

12  cannot sue his employer for any type of injuries, including the alleged infliction of emotional

13  distress. His remedy is a worker's compensation action. Cal Lab Code § 3200; *Ankeny v.*

14  *Lockheed Missiles & Space Co.*, supra, 88 Cal. App. 3d 531.

15  (4)  Moreover, any claims that plaintiff has against his employer cannot be

16  used to defeat diversity in this matter. A plaintiff's own determination as to who are parties to an

17  action cannot prevent a defendant from removing the action to the federal court on diversity

18  grounds. *Rose v. A. Bartlett Giamatti, et al.*, 721 F. Supp. 906, 913 (1989). Rather, the joinder

19  of multiple defendants in a single action is permissible only if "there is asserted against them

20  jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same

21  transaction, occurrence, or series of transactions or occurrences and if any question or law or fact

22  common to all defendants will arise in the action." Fed. R. Civ. Proc. 20(a) (Deering's 2002). A

23  fraudulent joinder exists when a diverse defendant is joined with a nondiverse defendant as to

24  whom there is no joint, several, or alternative liability and where the claim against the diverse

25  defendant has no real connection to the claim against the non-diverse defendant. *Tapscott v. MS*

26  *Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (1996) (right of removal cannot be defeated by

27  fraudulent joinder of resident defendant having no real connection with the controversy). Here,

28

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (Diversity)

327955.1

1  there is no basis to hold CHW liable for CIGNA's alleged failure to pay disability benefits under

2  the Policy.

3          (5)    Finally, plaintiff's first claim for relief for tortious bad faith and second

4  claim for relief for intentional infliction of emotional distress are time-barred. Plaintiff alleges

5  that the denial of the claim for disability benefits, that is the subject of the Complaint, took place

6  in February 2004. The Complaint, ¶ 8. Plaintiff had one year from February 2004 to file his

7  claim for intentional infliction and two years from that date to file his claim for tortious bad faith.

8  *Magpali v. Farmers Group*, 48 Cal. App. 4th 471, 485 (1996) ("A claim for intentional infliction

9  of emotional distress is governed by the one-year statute of limitations for intentional torts. Code

10  Civ. Proc., § 340, subd. (3)"); *Richardson v. Allstate Ins. Co.*, 117 Cal. App. 3d 8, 13 (1981)

11  ("We are satisfied, accordingly, that a tort action against an insurer for bad faith is subject to the

12  two-year limitations period of section 339, subdivision 1."). Even though plaintiff has not and

13  cannot allege these claims for relief against CHW, even if there was some unknown basis, any

14  claim would be time-barred as the Complaint herein was not filed until February 20, 2008.

15  For all the reasons stated above, CHW is a sham defendant.

16  **B.    The Diversity of the Parties**

17          7.    As demonstrated by the following, this action is a civil action over which this

18  Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this

19  Court by LINA pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between

20  citizens of different states, the amount in controversy exceeds the sum of $75,000.00 exclusive

21  of interest and costs, this was true at the time of the filing of the Complaint, and this remains true

22  as of the time of the filing of this notice.

23          (1)    Plaintiff was at the time of the filing of this action, and still is, a citizen of

24  the State of California residing in Hayward, California. The Complaint, ¶1.

25          (2)    LINA was, at the time of the filing of this action, and still is, a citizen of

26  the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. A

27  vast majority of LINA's business activities take place in Pennsylvania as LINA's headquarters is

28  located in Pennsylvania. A majority of LINA's employees are located in Pennsylvania.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (Diversity)

327955.1

C.    **The Amount in Controversy**

8.    This Court's jurisdictional minimum, an amount in controversy in excess of $75,000.00, exclusive of interest and costs, was satisfied at the time of the filing of this action, and still is satisfied, based on the following:

(1)    Plaintiff alleges in the Complaint claims for relief for breach of contract, bad faith, and intentional infliction of emotional distress.  Under a section of the Complaint entitled "Damages," plaintiff alleges damages in back benefits due under the Policy in the amount of $80,000.00.  The Complaint, ¶24.  He further alleges that he "has suffered general damages including loss of financial security, embarrassment and humiliation, and emotional distress, in an amount to be proven at trial and estimated at 200,000."  *Id.* at ¶ 26.  He alleges the entitlement of attorney's fees in the amount of $250,000.  *Id.* at ¶ 27.  He alleges punitive damages in the amount of $500,000.  *Id.* at ¶ 28.  Accordingly, plaintiff alleges in the Complaint a total of $1,030,000.00 in damages.

As demonstrated above, plaintiff's damage claims far exceed this Court's jurisdictional limit.  In that there is diversity of citizenship, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and that this is true now as well as at the time the Complaint was filed in this matter, removal of this matter to the United States District Court for the Northern District of California is proper.

Dated: March 14, 2007        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _Sean P Nalty_
SEAN P. NALTY
Attorneys for Defendant
LIFE INSURANCE COMPANY OF NORTH AMERICA

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (Diversity)

327955.1

## CERTIFICATE OF SERVICE
*Alfredo Moctezuma v. Catholic Healthcare West, et al.*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (Diversity)**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Laurence F. Padway
Gayle Godfrey Codiga
LAW OFFICES OF LAURENCE F. PADWAY
1516 Oak Street, Suite 109
Alameda, CA 94501
Tel:    (510) 814-0680
Fax:    (510) 814-0650

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **March 14, 2008** at San Francisco, California.

_____
Nancy Li

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (Diversity)

327955.1

# Exhibit A

1  Laurence F. Padway (SBN 089314)
   Gayle Godfrey Codiga (SBN 114715)
2  Law Offices of Laurence F. Padway
   1516 Oak Street, Suite 109
3  Alameda, California 94501
   Telephone: (510)814-0680            CASE MANAGEMENT CONFERENCE SET
4  Facsimile : (510)814-0650

5                                                JUL 2 5 2008 ~9ᵃᵐ AM
   Attorneys for plaintiff
6                                                DEPARTMENT 212

7

8                          SUPERIOR COURT OF CALIFORNIA

9                        CITY AND COUNTY OF SAN FRANCISCO

10

11  ALFREDO MOCTEZUMA,

12                                          No. CGC-08-472358

13              Plaintiff,                   COMPLAINT FOR FRAUD,
    vs.                                      BAD FAITH, INTENTIONAL
14                                           INFLICTION OF EMOTIONAL DISTRESS
    CATHOLIC HEALTHCARE WEST,                AND BREACH OF CONTRACT
15  LIFE INSURANCE COMPANY OF
    NORTH AMERICA, and DOES 1 - 10,
16  Inclusive.

17              Defendants.

18  _____/

19

20          Comes now the plaintiff, demanding a trial by jury, and alleging of defendants as

21  follows:

22

23                                  JURISDICTION

24

25       1. Plaintiff Afredo Moctezuma resides in Hayward, California.

26

27       2. Defendant Catholic Healthcare West is domiciled in San Francisco, California.

28

                                   Page 1 of 8

3. Defendant Life Insurance Company of North America ("CIGNA") resides in the state of Pennslyvania.

4. CIGNA issued a group disability insurance policy to Catholic Healthcare West which provides long term disability insurance for employees of Sequoia Hospital who become disabled. Generally, the policy provides for disability payments at 50% of base pay in the event that Mr. Moctezuma is unable to work in his own occupation (24 months) or any occupation (after 24 months). Because Catholic Healthcare West is a church plan, the disability insurance policy is not subject to the Employee Retirement and Income Security Act of 1978.

5. Plaintiff Afredo Moctezuma was employed by Catholic Healthcare West at Sequoia Hospital in Redwood City, California, until he became disabled on or about 7/11/2001. Mr. Moctezuma has been unable to work since that time as he suffers from Complex Regional Pain Syndrome, Reflex Sympathetic Dystrophy Left upper extremity and Left Lateral Epicondilitis.

6. Defendant, CIGNA, issued a long term disability policy, number FLK8249 to Catholic Healthcare West under which plaintiff was insured.

7. Mr. Moctezuma does not know the true identities and capacities of defendants denominated as Does 1 to 10, inclusive and will seek leave to amend this complaint to allege their true names and capacities when they are ascertained.

8. Defendant paid benefits to Mr. Moctezuma from January 7, 2002 until February 2004, at which time defendant terminated benefits alleging that plaintiff was no longer disabled.

9. The termination of benefits was made despite the continuing disability of Mr. Moctezuma and in bad faith.

COMPLAINT                          Page 2 of 8

1    10.  These general allegations are incorporated into each cause of action below.

2

3              FIRST CLAIM FOR RELIEF – BAD FAITH

4

5    11.  Defendant CIGNA undertook to insure Ms. Moctezuma against disability and the

6    associated financial calamity.

7

8    12. Defendant CIGNA acted in bad faith in connection with the termination of

9    benefits to Mr. Moctezuma because:

10

11        A.  Cigna failed to take into account Mr. Moctezuma's medical history along with his

12    Primary Treating Physician Ravi Panjabi's determination.  CIGNA required Dr. Panjabi to fill out a

13    form but failed to provide any form to Dr.Panjabi.  Therefore, Dr. Panjabi wrote a letter dated

14    August 19, 2003 to CIGNA describing Mr. Moctezuma's disabilities.  Dr. Panjabi notes, "He is

15    unable to do any repetitive activity with his upper extremities on account of his pain."

16

17        B.  Defendant made a claims determination on the basis of a Functional Capacity

18    Evaluation ("FCE") performed by Isernhagen Work Systems hired by defendant.

19

20        C.  The FCE report notes that Mr. Moctezuma's daily medications include oxycontin,

21    nortiptyline, ambien and topiramate.  The FCE reports that Mr. Moctezuma can drive if he doesn't

22    take his medication, however he takes the medication daily.  On the first day of the FCE, Mr.

23    Moctezuma took his medications one hour prior to arrival and on the second day took his

24    medications three hours prior to arrival.

25

26        D.  The FCE notes that Mr. Moctezuma's "deficits" were noted most for all activities

27    requiring left hand grasp, including carrying, lifting, pushing, and pulling of heavy objects, elevated

28    work, ladder use with left hand grasp, and left hand grip and coordination.  Deficits were also

COMPLAINT                    Page 3 of 8

1  present for positional work when forward neck flexion is also involved and high-level balance
2  activities.

3

4        E.  Defendant uses a pattern and practice of soliciting biased reports in order to justify
5  denial of disability claims, and to persuade claimants not to take legal action following such denial.
6  Because CIGNA did not get the FCE they wanted, CIGNA ordered a Transferrable Skills Analysis
7  ("TSA") from a Vocational Rehabilitation Consultant who reviewed a summary of Mr.
8  Moctezuma's training, education and experience.  The TSA found Mr. Moctezuma could work a full
9  time job.

10

11        F.  After the TSA, CIGNA notified Mr. Moctezuma that he is not disabled and can do
12  the following occupations:    Billing Machine Operator/ Medical Biller
13                              Billing Typist
14                              Cardiac Monitor Assistant
15                              Hospital Admitting Clerk.
16  It is clear CIGNA's own FCE shows that Mr. Moctezuma can not do any of the occupations put
17  forward by CIGNA.

18

19        13.  The acts of defendants were and are in bad faith, and were and are being done
20  fraudulently, maliciously and oppressively, with the knowledge that their acts are substantially
21  certain to injure, vex, annoy and harass Mr Moctezuma and with conscious disregard of his rights.

22

23        14.  Plaintiff alleges that he has incurred attorneys in order to be paid his benefits

24

25        15.  As a proximate result of the foregoing, Mr. Moctezuma has been damaged as set
26  forth below.

27

28

COMPLAINT                          Page 4 of 8

SECOND CLAIM FOR RELIEF - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. The actions of defendants, set forth in 1-13 above were and are extreme and outrageous, and were and are known by them to be substantially certain to cause Mr. Moctezuma great emotional distress. In particular, defendants abused their rights under the policy by arbitrarily rejecting the opinions of all of the treating health care providers. Defendants were well aware that Mr. Moctezuma relied upon defendant for his financial security and well-being, and that the arbitrary termination of benefits would cause him great emotional and financial distress.

17. These acts all were intended to and did cause Mr. Moctezuma grave financial and emotional distress, and they were all a part of a corporate plan of CIGNA to wrongfully deny benefits to its insureds, in order to force them to file suit in the hope that defendant could then compromise the claims and cancel the remaining coverage due under the policy.

18. The actions of the defendant in refusing to approve disability payments to Mr. Moctezuma was known by them to be substantially certain to vex, injure, harass, and annoy Mr. Moctezuma and was known by defendants to violate his rights.

19. The action of defendant has been and is causing Mr. Moctezuma great emotional and financial distress, not only by rendering him unable to pay his bills in timely fashion, but because the action of the defendant has aggravated the financial stress and loss of security attendant to his already existing disability, thereby impairing his ability to manage his illness and minimize the physical distress which it causes him.

20. As a proximate result thereof, Mr. Moctezuma has been damaged as set forth below.

COMPLAINT                           Page 5 of 8

THIRD CLAIM FOR RELIEF - BREACH OF CONTRACT

21. By its action, defendant CIGNA breached the policy by failing to pay benefits due thereunder, and failing to process claims properly under the policy.

22. Mr. Moctezuma performed all of his obligations under the policy.

23. As a proximate result of the foregoing, Mr. Moctezuma has been damaged as set forth below.

DAMAGES

24. Mr. Moctezuma has been damaged by failure to pay policy benefits in the sum of 50% of monthly basic earnings of $3334.94 for a total of $1,667.47 monthly from February 24, 2004 through the present date. The total benefits due are in the approximate amount of $80,000., which include back benefits.

25. Mr. Moctezuma is entitled to future benefits under the insurance policy.

26. Mr. Moctezuma has suffered general damages including loss of financial security, embarrassment and humiliation, and emotional distress, in an amount to be proven at trial and estimated at $200,000.

27. Mr. Moctezuma has been forced to retain counsel and incur fees and court costs in order to secure the benefits owed to him, in an amount not now known with certainty but to be proved at trial and estimated at $250,000 through trial. Brandt v. Superior Court, 37 Cal.3d 813, 693 p.2d 796.

COMPLAINT                          Page 6 of 8

28. Because the acts of defendants were authorized and ratified by their management, and the conduct of defendants was fraudulent, malicious and oppressive, Mr Moctezuma is entitled to exemplary damages according to proof and estimated at $500,000.

29. Mr. Moctezuma is entitled to prejudgment interest according to proof on all sums owed.

PRAYER FOR RELIEF

Wherefore, Mr. Moctezuma prays for relief as follows:

1. For benefits owed of approximately $80,000 or according to proof;

2. For future benefits according to proof;

3. For general damages according to proof or in the amount of $200,000;

4. For exemplary damages according to proof.

5. For prejudgment interest according to proof;

6. For costs of suit and attorneys fees herein incurred according to proof or in the amount of $250,000; and

///
///
///
///

COMPLAINT                          Page 7 of 8

1

7.  For such other and further relief as the court deems just and proper.

2

3   Dated: February 20, 2008

4

5   Gayle Godfrey Codiga

6   Attorney for plaintiff.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                           Page 8 of 8

# Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Catholic Healthcare West

Life Insurance Company of North America
and DOES 1 - 10,
Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Alfredo Moctezuma

RECEIVED

FEB 2 6 2008

GROUP LITIGATION DEPT.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Civic Center Courthouse
400 McAllister Street
San Francisco, CA  94102-4514

CASE NUMBER:
*(Número del Caso):*
CGC-08-472358

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Laurence F. Padway
Gayle Godfrey Codiga
Telephone: (510) 814-6100

1516 Oak Street, Suite 109
Alameda, CA  94501

DATE: 2/21/2008     FEB 2 1 2008   GORDON PARK-LI   Clerk, by   ROSSALY E. DE LA VEGA NAVARRO
*(Fecha)*                                          *(Secretario)*                          , Deputy
                                                                                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of  (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms TM

SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State    umber, and address)*: | FOR COURT USE ONLY |
|---|---|

Gayle Godfrey Codiga          SBN 114715
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, CA 94501
TELEPHONE NO.: 510-814-6100          FAX NO.*(Optional)*: 510-814-0650
E-MAIL ADDRESS *(Optional)*: gayle@padway.com
ATTORNEY FOR *(Name)*: Alfredo Moctezuma

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Alfredo Moctezuma

DEFENDANT/RESPONDENT: Catholic Healthcare West, Life Insurance
                     Company of North America, and Does 1-10 incl

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER: CGC-08-472358 |
|---|---|

TO *(insert name of party being served)*: <u>Life Insurance Company of North America</u>

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 22, 2008

Susan A. Pope
_____          ▶ *Susan A. Pope*
(TYPE OR PRINT NAME)                     (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

#### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify)*:
     Alternative Dispute Resolution Package

*(To be completed by recipient)*:

Date this form is signed:

/S/ CHRISTINA MINALLY as Cowwel                   ▶          $
_____                   _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
                    for LINA

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] Martin Dean's Essential Forms ™ | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

Exhibit C

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

Superior Court of California
County of San Francisco

*MOCTEZUMA*

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1)     Judicial Arbitration
2)     Mediation
3)     The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

voluntarily consent to arbitration.  If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision.  In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  A case is ordered to arbitration after the Case Management Conference.  An arbitrator is chosen from the Court's Arbitration Panel.  Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference.  Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision.  Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations.  The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case.  The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1   10/07 (ja)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐   **Mediation Services of BASF**    ☐   **Judicial Mediation**
☐ **Binding arbitration**                                                                        Judge _____
☐ **Non-binding judicial arbitration**                                                Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant | | Dated: _____ |

☐  *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:    Time:    Dept.:    Div.:    Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial     *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a. ☐  The trial has been set for *(date):*
   b. ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐  days *(specify number):*
   b. ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9.  **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
   a.  Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b. ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c. ☐  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes   ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy   ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

        <u>Party</u>                <u>Description</u>                <u>Date</u>

    c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**

    Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶   _____
         (TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶   _____
         (TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

                                     ☐ Additional signatures are attached

# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

### Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)