1  SEAN P. NALTY (SBN 121253)
   WILSON, ELSER, MOSKOWITZ,
2     EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, California 94105
   Tel:   (415) 433-0990
4  Fax:   (415) 434-1370

5  Attorneys for Defendant
   LIFE INSURANCE COMPANY
6  OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALFREDO MOCTEZUMA, | ) CASE NO.: CV08-01451 CW |
|---|---|
| Plaintiff, | ) **PROPOSED ORDER GRANTING LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| v. | |
| CATHOLIC HEALTHCARE WEST, LIFE INSURANCE COMPANY OF NORTH AMERICA, and DOES 1-10, inclusive. | |
| Defendants. | ) Date:      June 5, 2008<br>) Time:      2:00 p.m.<br>) Courtroom: 2<br>) Action Filed : 02/20/2008 |

Defendant Life Insurance Company of North America's ("Defendant") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) came regularly for hearing on May 1, 2008 at 2:00 p.m. in Courtroom 2 before the Honorable Claudia Wilken. Laurence F. Padway, of the Law Offices of Laurence F. Padway, appeared on behalf of Plaintiff Alfredo Moctezuma ("Plaintiff"). Sean P. Nalty, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, appeared on behalf of Defendant.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss Plaintiff's first claim for relief for tortious breach of the covenant of good faith and fair dealing ("tortuous bad faith") and second claim for relief for intentional infliction of emotional distress ("intentional infliction"). Defendant argues that these claims for relief are time barred as they each

---
1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
USDC NDCA Case #CV08-01451 CW
328918.1

1  accrued in February 2004 and Plaintiff's Complaint for Damages in this matter ("The Complaint")
2  was not filed until February 2008.
3      Upon consideration of Defendant's moving papers, the opposition papers filed by Plaintiff,
4  and the oral argument presented by counsel at the hearing on this matter, and Good Cause
5  appearing therefore, the Court Hereby **Grants** Defendant's Motion to Dismiss Plaintiff's First and
6  Second Claims for Relief.
7      Plaintiff bases his claims for relief for tortuous bad faith and intentional infliction on the
8  alleged bad faith denial of his claim for disability benefits under a group disability policy ("the
9  Policy") issued by Defendant to Catholic Healthcare West ("CHW"). The Complaint, ¶¶ 4-13.
10 These claims for relief accrued in February 2004 when Defendant committed the alleged wrongful
11 act that is the centerpiece of this lawsuit, the alleged bad faith denial of plaintiff's claim for
12 disability benefits ("the Claim"). The Complaint, ¶¶ 8-9; *Norgart v. Upjohn Co.*, 21 Cal. 4th 383,
13 397 (1999). ("The general rule for defining the accrual of a cause of action sets the date as the time
14 when, under the substantive law, the wrongful act is done, or the wrongful result occurs, and the
15 consequent liability arises. (Cites omitted)."); *Romano v. Rockwell Internat.*, 14 Cal. 4th 479, 489
16 (1996) ("A cause of action for breach of contract does not accrue before the time of breach.");
17 *Cantu v. Resolution Trust Corp.*, supra, 4 Cal. App. 4th at 889 (1992) ("A cause of action for
18 intentional infliction of emotional distress accrues, and the statute of limitations begins to run, once
19 the plaintiff suffers severe emotional distress as a result of outrageous conduct on the part of the
20 defendant. Cite Omitted.")
21     Plaintiff's claim for relief for intentional infliction is governed by the one-year limitation
22 period under Cal. Code of Civil Procedure ("C.C.P.") § 340 and his claim for tortuous bad faith is
23 governed by the two-year limitation period under C.C.P. § 339. *Magpali v. Farmers Group*, 48 Cal.
24 App. 4th 471, 485 (1996) ("A claim for intentional infliction of emotional distress is governed by
25 the one-year statute of limitations for intentional torts. (Code Civ. Proc., § 340, subd. (3)");
26 *Archdale v. American Internat. Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 472 (2007) ("A bad
27 faith action in tort against an insurer for breach of the implied covenant of good faith and fair
28

dealing is governed by the two-year limitations period which Code of Civil Procedure section 339, subdivision 1 establishes for '[a]n action upon a contract, obligation or liability not founded upon an instrument of writing.'")

The two-year limitation period under C.C.P. § 339 applies to the claim for bad faith because plaintiff alleges tortuous bad faith rather than contractual bad faith. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 207 (9th Cir. 1991). This is established by the fact that plaintiff seeks attorney's fees, future disability benefits, and financial distress damages in his first claim for relief and this relief is only available under a claim for tortuous bad faith. *Archdale v. American Internat. Specialty Lines Ins. Co.*, supra, 154 Cal. App. 4th at 472; *Brandt v. Superior Court*, 37 Cal.3d 813, 817 (1985) (Attorney's fees only available under claim for tortious bad faith); *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 824 Fn. 7 (1979) (future benefits only available under a claim for tortious bad faith); *Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1257 (C.D. Cal. 2003) (financial distress damages only available under a claim for relief for tortious bad faith.)

Applying these statutory limitation periods, it is clear that plaintiff's claims for tortuous bad faith and intentional infliction are time barred. They accrued in February 2004 when the Claim was allegedly wrongfully denied and plaintiff did not file the Complaint until February 20, 2008. Accordingly, the Court Grants Defendant's motion to dismiss.

Date:_____      _____
                                Hon. Claudia Wilken
                                Judge of the United States District Court